UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| v. | * | NO. 20-65 |
| FRANK ADOLPH | * | SECTION: "L" |

### ORDER & REASONS

Before the Court is Defendant Frank Adolph's Motion to Reduce Monthly Restitution Payments. R. Doc. 1239. The Government opposes the motion. R. Doc. 1245. Defendant replied. R. Doc. 1248. Considering the briefing and the applicable law, the Court now rules as follows.

I. **BACKGROUND & PRESENT MOTION**

Frank Adolph pleaded guilty to Count 1 of the Second Superseding Indictment charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, and was sentenced to a term of 20 months imprisonment followed by 2 years of supervised release on September 28, 2023. R. Doc. 1105. Additionally, he was ordered to make restitution payments pursuant to the Mandatory Victims Restitution Act ("MVRA") at a rate of $200 per month, but the Court's final determination of the amounts owed was deferred to a later date. R. Doc. 1112.

A restitution hearing was held in this matter on December 7, 2023 and attended by Defendant representing himself *pro se* as well as counsel for the Government. R. Doc. 1161. After the hearing, the Court issued an Amended Judgment ordering Defendant to "pay restitution in the amount of $5,706,279.62, to the victims, [] FDIC and SBN V FNBC, LLC" with a payment schedule at "a rate of $1,000 per month." R. Doc. 1167. Since then, it is the Court's understanding that Defendant has now served his term of incarceration and complied with all his monthly restitution payments owed upon his release.

1

In the present motion, Defendant asks this Court to "reduce [his] restitution payment to a reasonable fee, such as the $200 originally imposed in September 2023." R. Doc. 1239. The basis for his request is that his chief source of income is Social Security, and the amount of restitution garnished from his benefits creates a significant financial hardship considering his living expenses and ongoing dental problems that are proving to be quite costly. *Id.*

The Government opposes the motion, arguing this Court cannot grant Defendant his requested relief for two reasons. R. Doc. 1245. First, the Government contends that the MVRA requires a showing of a material change in economic circumstances to justify a reduction of restitution payments, and Defendant has failed to meet this burden. *Id.* In support, it asserts that Defendant's collection of Social Security reflects a positive change in his financial situation, and the fact that he has to pay health insurance and living expenses does not equate to a material change warranting alteration of this Court's payment schedule. *Id.* Second, the Government asserts that Defendant has waived his right to appeal or contest any restitution imposed by any judge and thus has not presented a legal basis for review or modification of this Court's restitution judgment and payment schedule. *Id.*

Defendant replied. R. Doc. 1248. He argues that his extensive dental work as well as an upcoming increase in his insurance premiums constitute material changes in his financial circumstances that justify a decrease from his current $1,000 monthly rate in restitution. *Id.* Moreover, he has provided the Court with his own calculations of his monthly expenses, stating: "my 'take home' after . . . deductions is $1,829.60. From this amount, if $1,000 is deducted then I am left with $829.60 per month to pay rent, food and phone bill." *Id.*

##	II.	LAW & ANALYSIS

The MVRA mandates restitution for defendants convicted of "an offense against property." 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). However, if a "material change in the defendant's economic circumstances that might affect a defendant's ability to pay restitution" occurs, the defendant may notify the court, which is then authorized to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k); *see also United States v. Franklin*, 595 F. App'x 267, 272 (5th Cir. 2014). Courts determine whether a defendant's economic circumstances have materially changed "by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Franklin*, 595 F. App'x at 273 (quoting *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000)). Substantively, a material change is "a bona fide change in the defendant's financial condition, either positive or negative." *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) (citation omitted). "A change must also be immediate to be material." *United States v. Tarnawa*, 26 F.4th 720, 725 (5th Cir. 2022) (citing *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005)).

Here, the Court has reviewed the Defendant's financial profile at the time of his sentencing in comparison to his more recent monthly financial reports to Probation. R. Docs. 1071, 1249. These reports indicate that Defendant has incurred over $3,554.20 in dental care payments over the last three months, which have significantly limited his ability to pay for normal living expenses on top of his obligation to pay restitution. *Id.* Moreover, Defendant has recently transitioned to retired status and must now pay the entirety of his healthcare premium, which requires a substantial withholding from his Social Security benefits. *Id.* The Court thus finds that these recent developments seriously call into question the Defendant's ability to pay restitution at a rate of

$1,000 per month and are more than sufficient to constitute a material change in Defendant's economic circumstances under section 3664(k). Indeed, another section of this Court has held that a monthly restitution payment as little as ten dollars was unduly burdensome when the Defendant's income was limited to a $906.00 per month Social Security disability payment. *United States v. Gilbert*, No. CR 05-49, 2022 WL 4379527, at *1 (E.D. La. Sept. 22, 2022). Surely then, the Defendant here must qualify for similar relief given he only has around $829.60 a month to cover essentials like food and rent after all necessary deductions, including the current $1,000 monthly restitution payment, are made to his benefits.

Furthermore, to the extent the Government argues that Defendant is precluded from seeking modification of his restitution payments based on the waiver provision in his plea agreement, the Court must disagree. The agreement specifically states that Defendant:

> [w]aives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291.

R. Doc. 875 at 3. The Court interprets this language to mean that Defendant may not challenge his underlying restitution order of $5,706,279.62. Defendant, however, seeks no such relief here. Rather, he merely requests this Court to modify his restitution payment schedule to accommodate his ability to pay in light of his current financial circumstances. As such, the Court holds that Defendant's present motion for modification does not fall within the scope of this provision considering he does not "appeal or contest" the applicability of restitution in this matter. *Id.* To find otherwise would fly in the face of the statutory scheme of the MVRA, which contemplates the Government, victims, *and defendants* having the right to request increases and decreases in the

4

restitution pay schedule when circumstances change. 18 U.S.C. § 3664(k) ("A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.").

### III. CONCLUSION

Accordingly;

**IT IS HEREBY ORDERED** that Defendant Frank Adolph's Motion for Reduction in Restitution Payments, R. Doc. 1239, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's monthly restitution payments be reduced to $600.00 per month. The Court finds this to be a fair amount that will ensure Defendant remains capable of paying all restitution owed in a timely manner and the victims continue to be adequately compensated.

New Orleans, Louisiana, this 25th day of April, 2025.

_____
United States District Judge

Cc: Mr. Frank J. Adolph
1504 Lantana Ct.
Covington, LA 70433